EG & G SPECIAL PROJECTS, INC. and STATE INDUSTRIAL INSURANCE SYSTEM, Appellants, *v.* JAMES CORSELLI, Respondent.

No. 16543

March 28, 1986                                    715 P.2d 1326

*Jerry Collier Lane,* Las Vegas; *Darla A. Anderson,* Las Vegas; *Pam Bugge,* Carson City, for Appellants.

*King, Clark, Gross & Sutcliffe,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant State Industrial Insurance System (SIIS) terminated respondent James Corselli's rehabilitation and maintenance benefits shortly after Corselli wrote his employer on May 24, 1984, and asked if it would be willing to consider alternatives to the "light duty" job that it had offered him. The employer, co-appellant EG&G Special Projects, Inc. (EG&G), made available to Corselli the position of security officer in Las Vegas, even though he had worked as a firefighter at the Nevada Test Site and had lived continuously in Riverside, California for twenty-five years.

The employer and SIIS interpreted Corselli's letter as a rejection of employment and terminated him. In Corselli's resulting administrative appeal the appeals officer found that during his entire employment term Corselli had resided in Riverside, California, during which time arrangements were made for him to commute by air at government expense to his place of employment, the Nevada Test Site, where he worked three days on, four days off. The appeals officer noted that the job offered by the employer required Corselli to be present five days a week in Las Vegas. It was further recognized by the appeals officer that Corselli's letter merely asked the employer to consider offering him an arrangement similar to that which he had enjoyed for the

past twenty-five years, or in the alternative, a job near his home in Riverside, California.

The appeals officer found that Corselli was a credible witness and that he appeared genuinely interested in returning to gainful employment with his physical limitations.

The appeals officer concluded that considering Corselli's long-standing residence in Riverside, California, and also considering his long-standing work history at the Nevada Test Site, the offer of employment in Las Vegas did not constitute a legitimate offer of employment pursuant to NAC 616.086 and that, therefore, termination was not justified under the circumstances.

Based on these rulings the appeals officer ordered reinstatement of maintenance benefits. This order was appealed to the district court, which affirmed the order of the appeals officer.

Appellants argue that the appeals officer exceeded his jurisdiction by holding that the job offer was unreasonable under the circumstances. Appellants claim that the only allowable justifications for refusing employment are set out in NAC 616.086.[1] The express limitations set out in NAC 616.086 are as follows. Subparagraph 2 simply requires that offered employment must not exceed any limitation defined by an attending physician. Subparagraph 2 of the regulation permits refusal in cases where the *insurer* finds that the offered job is demeaning, degrading or embarrassing or finds that the salary is less than would be received under disability or by other employees doing similar work. This regulation, say appellants, narrowly limits the scope of refusal, and no other grounds will justify refusal. Since the regulation places no restriction as to place, the employer argues that the appeals officer exceeded his jurisdiction by, in effect,

---

[1]NAC 616.086 provides:

616.086. Offer of employment.

1. Except as otherwise provided in subsection 2, a worker may no longer receive rehabilitative services if an employer offers him gainful employment which does not exceed any limitations defined by a treating or examining physician.

2. An injured worker who refuses such an offer of employment may no longer receive rehabilitative services unless the insurer finds that:

(a) The job offer is demeaning, degrading or subjects the worker to ridicule or embarrassment.

(b) The net salary offered is less than the compensation he would receive for temporary total disability or less than the starting salary a fellow employee would receive for performing similar duties.

(c) The worker has no reasonable prospect of continued employment.

(d) The worker accepted employment with light duties but has been dismissed through no fault of his own.

(e) The employment is offered after a rehabilitative program for retraining has begun.

implying a condition of reasonableness on the job offer. The district court rejected this argument, saying that the appeals officer did not exceed his jurisdiction when he "clearly imputed to the regulation an implied standard of reasonableness." We agree with the district court.

We recognize that the SIIS has the discretion to terminate benefits when the claimant is uncooperative. *See* State Indus. Ins. System v. Snapp, 100 Nev. 290, 680 P.2d 590 (1984). But the SIIS also has a responsibility to facilitate the return of the injured worker to gainful employment. NRS 616.222(1). The purpose of NAC 616.086(2) is to require the employer to make a legitimate offer of employment. An offer of employment cannot be considered legitimate if the location of the job imposes an unreasonable burden on the worker.

The requirement of reasonableness is especially applicable to the location of the job offer. If this were not so, the employer could make a job offer that is intended only for refusal and conveniently relieve itself of its obligation to the injured worker's rehabilitation. Our interpretation of this regulation is consistent with the policy of a "reasonable, liberal and practical" construction of the provisions of the Nevada Industrial Insurance Act. S.I.I.S. v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985).

In conclusion, the appeals officer acted within the bounds of his jurisdiction in remanding the matter to the SIIS for payment of benefits. Appellants' contention lacking merit, we hereby affirm the judgment of the district court.